# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

TERENCE E. RUBEN,

    Plaintiff,

vs.

CITY OF LAS VEGAS, TEXAS CITY,

    Defendants.

Case No. 2:17-cv-01003-JAD-VCF

**<u>ORDER</u>**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1)

This is a civil rights violation case brought by Plaintiff Terence E. Ruben against Las Vegas and Texas City. Before the Court are Ruben's application to proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Ruben's *in forma pauperis* application is granted. For the reasons stated below, however, Ruben's Complaint is dismissed with leave to amend.

## I. DISCUSSION

Ruben's filings present two questions: (1) whether Ruben may proceed *in forma pauperis* under 28 U.S.C. § 1915(e), and (2) whether Ruben's Complaint states a plausible claim for relief.

### A. In Forma Pauperis

Ruben's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Under § 1915(a)(1), Ruben submitted a financial affidavit. ECF No. 1. According to the affidavit, Ruben is disabled and unemployed. *Id*. at 6. Monthly disability checks for $408 are his only source of income. *Id*. at 1-2. Ruben has no savings. *Id*. at 3. The income Ruben does collect for his disability goes to basic

living expenses, including supporting his 16-year old daughter. *Id*. at 4-5. Ruben's application to proceed *in forma pauperis* is, therefore, granted.

**B. Screening the Complaint**

   **a. Legal Standard**

Because the Court grants Ruben's application to proceed *in forma pauperis*, it must review the Complaint to determine whether the Complaint is "frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court's review of Ruben's Complaint is guided by two legal standards: (1) Federal Rule of Civil Procedure 8 and (2) the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But a complaint is clearly baseless if the facts alleged rise to the level of the irrational or wholly incredible, or if the complaint describes a fanciful, fantastic, or delusional scenario. *See Ancar v. Sara Plasma, Inc.*, 964 F.2d 465 (5th Cir. 1992); *see also Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir.1994) ("It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another. District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits"); *Jennings v. Entry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("[A] complaint must be presented 'with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of plaintiff's claim"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper").

If the Court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

/ / /

3

### b. Analysis

Ruben brings causes of action against Las Vegas and Texas City for allegedly violating his civil rights. Ruben alleges that from May 2013 to January 2014, the Las Vegas Metropolitan Police Department ("Metro") and the Texas City Police "arrested [him] on multiple occasion and assaulted me" and worked with certain individuals, including Ruben's roommates, to steal his property. ECF No. 1-1 at 3. In particular, Ruben first claims that the Texas City Police violated his civil rights in May 2013:

> I was drinking a bottle of water when Brenda Watson [Ruben's Mom and roommate] tried to hit me with a cookie jar. I flinched and water went everywhere. She called the Police and the Police came to arrest me.
>
> When I seen the judge the next morning Brenda wasn't required to be present and I was placed on probation.
>
> I was released after one night in jail. Once I returned home she called the Police on me again.

*Id*. at 4.

In November 2013, Ruben alleges that the Texas City Police again violated his civil rights:

> I was ambushed by four officers at the local gas station the following day after the local police did a barricade … at my house, which resulted in me calling the police on the police.
>
> At the gas station November 9, 2013, four police officers assaulted me while I was pumping gas and gave my possession to Brenda Watson boyfriend, including money.

*Id*. at 5. Ruben asserts that after the Texas City Police assaulted him at the gas station and gave his property and belongings to his mother—Brenda Watson—and her boyfriend, they charged Ruben with resisting arrest. *Id*. at 5-6. Ruben also alleges that his "mom was working with these police officers." ECF No. 1-2 at 1.

The last instance occurred in January 2014 where Ruben asserts that Metro Police violated his civil rights:

4

> Two days after my court date concerning my resisting arrest charge stemming from the gas station assault, I was at my apartment next to the Wal-Mart off Rainbow in Las Vegas, NV. When my two roommates started fighting, I left and when I came back my car was towed by LVMPD.
>
> One of my roommates, Diamond Amore and her brother, were stealing all my furniture and threaten to call the police.

ECF No. 1-1 at 6. Ruben's Complaint also alleges that Metro Police were working together with his roommates to rob him. *Id.* at 1-2 at 2.

Ruben brought suit on April 6, 2017, against the city of Las Vegas and Texas City under 42 U.S.C. § 1983. The allegations in Ruben's Complaint are difficult to comprehend. Based on the allegations in Ruben's Complaint, the Court construes the Complaint to also bring causes of action under 42 U.S.C. § 1981 (equal rights under the law) and 42 U.S.C. § 1985 (conspiracy to interfere with civil rights).

The applicable statute of limitations bars Ruben's claims for relief under 42 U.S.C §§ 1981, 1983, and 1985.[1] The applicable statute of limitations for 42 U.S.C. § 1983 claims is the limitations period for personal injury claims. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (citing *Wilson v. Garcia*, 471 U.S. 261, 279–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In Nevada, based on the statute of limitations for personal injury claims, the statute of limitations for claims brought pursuant to § 1983 is two years. *Id.*; N.R.S. 11.190(4)(e). Claims brought under § 1985 are likewise governed by the statute of limitations for personal injury actions, and as such the statute of limitations for such claims is two years. *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991).

And claims brought under 42 U.S.C. § 1981 are subject to a two or four-year statute of limitations depending on whether the action is based on a post-1990 amendment to the statute. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372 (2004) (holding that the residual limitations period applies "if

---

[1] The Court notes that there are numerous pleading defects in the Complaint. However, the Court does not address those defects at this time because Ruben's claims are time barred.

the plaintiff's claim against the defendant was made possible by a post-1990 enactment"). Because this is not an action based on a post-1990 amendment, the two-year period applies to the § 1981 claim. *Jimmie's Limousine Serv., Inc. v. City of Oakland*, No. C 04-03321, 2005 WL 2000947, at *3 (N.D. Cal. Aug. 18, 2005). Each of these claims accrues for the purpose of triggering the start of its limitations period "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008) (quotation marks and citation omitted).

Based on the allegations in the Complaint, Ruben's claims would have accrued, at the very latest, in November 2013 with respect to Texas City, and in January 2014 with respect to Las Vegas. Ruben brought suit, however, on April 6, 2017—well over three years after November 2013 and January 2014. Applying a two-year statute of limitations to these dates, all of Ruben's federal claims are time-barred as a matter of law.

Even so, this Court may equitably toll the applicable statute of limitations upon a showing by Ruben that equitable tolling should apply. In determining whether to equitably toll a statute of limitations for a lawsuit filed under § 1983, a court applies the tolling doctrines of the forum state. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). In Nevada, "in situations where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." *Seino v. Emp'rs Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005) (internal quotation marks omitted). The Nevada Supreme Court has provided several factors to consider in determining whether the equitable tolling doctrine should be applied, including: (1) "the diligence of the claimant"; (2) "the claimant's knowledge of the relevant facts;" (3) the "claimant's reliance on authoritative statements" by the defendant, that "misled the claimant about the nature of the claimant's rights"; (4) any deception or false assurances on the part of the defendant; (5) "the prejudice to the

[defendant] that would actually result from delay during the time that the limitations period is tolled"; and (6) "any other equitable considerations appropriate in the particular case." *Seino*, 111 P.3d at 1112. A claimant bears the burden of showing that equitable tolling should apply. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

In sum, Ruben's claims are time-barred. But the Court will allow Ruben an opportunity to file an amended complaint alleging facts that show why this Court should equitably toll the 2-year statute of limitations applicable to his federal claims.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Ruben's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Ruben is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Ruben's claims pursuant to 42 U.S.C §§ 1981, 1983, and 1985 against Las Vegas and Texas City be DISMISSED with LEAVE TO AMEND.

IT IS FURTHER ORDERED that the amended complaint is due by June 16, 2017. If Ruben fails to timely file an amended complaint that addresses the defects noted in this order, the Court will recommend dismissal with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections

within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 10th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE