# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

TERENCE E. RUBEN,

        Plaintiff,

vs.

CITY OF LAS VEGAS and TEXAS CITY,

        Defendants.

Case No. 2:17-cv-01003-JAD-VCF

**ORDER**

AMENDED COMPLAINT (ECF NO. 5)

    Before the Court is Terence Ruben's amended complaint. (ECF No. 5). The Court hereby orders Ruben to submit a second amended complaint to address issues as discussed below.

    Ruben filed his initial complaint on April 7, 2017, alleging that the Las Vegas and Texas City governments violated his constitutional rights in 2013 and 2014. (ECF No. 1-1). On May 10, 2017, the Court found that Ruben's claims were barred by the applicable two-year statute of limitations. (ECF No. 4-6). The Court ordered the Ruben had until June 16, 2017 to file an amended complaint "alleging facts that show why this Court should equitably toll the 2-year statute of limitations." (*Id.* at 7).

    On June 2, 2016, Ruben filed an amended complaint. (ECF No. 5). Though Ruben lists his claims from 2013 and 2014 (*Id.* at 2-3), he does not address equitable tolling. Instead, Ruben alleges that he was incarcerated for false charges in September 2015 and January 2016, within the statute of limitations period. (*Id.* at 3). Based on the documents attached to the amended complaint, it appears that both these incarcerations took place in Texas City (*Id.* at 5-7), but the amended complaint is not clear on this issue.

    Ruben's amended complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint lists many time-

1

barred claims with no discussion of equitable tolling.[1] In addition, the amended complaint does not contain sufficient factual allegations regarding where the incarcerations took place. As previously noted, it appears that both incarcerations took place in Texas City. If this is true, the second amended complaint will have to include allegations to justify maintaining Ruben's case against the city of Las Vegas.[2] These deficiencies may be cured by allowing Ruben to file a second amended complaint. This will also provide an opportunity for Ruben to follow the formatting requirements in Federal Rule of Civil Procedure 10, such as including a caption. The Court cautions Ruben about ensuring that the second amended complaint contain all necessary factual allegations so the Court may evaluate it without referencing any previous versions of the complaint.

ACCORDINGLY, and for good cause,

IT IS ORDERED that Ruben has until December 15, 2017 to file a second amended complaint addressing the issues discussed above. Failure to timely file a second amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

---

[1] Ruben's interactions with the Las Vegas and Texas City police departments prior to 2015 may be relevant background to his false incarceration claims, but these pre-2015 interactions are not bases for independent claims.

[2] Should the city of Las Vegas be dismissed form this action, the Court would have serious concerns about its jurisdiction to enter any judgment against the government of Texas City.

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 7th day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE