# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

TERENCE E. RUBEN,

                Plaintiff,

vs.

CITY OF LAS VEGAS and TEXAS CITY,

                Defendants.

Case No. 2:17-cv-01003-JAD-VCF

**REPORT AND RECOMMENDATION FOR DISMISSAL WITH PREJUDICE**

On May 10, 2017, the Court granted Plaintiff Terence Ruben's application to proceed *in forma pauperis* and dismissed his complaint without prejudice. (ECF No. 3). The Court found Plaintiff's claims against Defendants were barred by the applicable statute of limitations. (*Id.*). Plaintiff filed an amended complaint on June 2, 2017. (ECF No. 5). The amended complaint added allegations against Texas City that took place within the statute of limitations period. (*Id.* at 1).

The Court found the amended complaint did not contain allegations that justified maintaining a case against Las Vegas, and "[s]hould the city of Las Vegas be dismissed [from] this action, the Court would have serious concerns about its jurisdiction to enter any judgment against the government of Texas City." (ECF No. 6 at 2). The Court gave Plaintiff until December 15, 2017 to file a second amended complaint and warned that "[f]ailure to timely file a second amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice." (*Id.*). Plaintiff has failed to file a second amended complaint or an objection to the Court's order. In addition, Plaintiff has failed to maintain a current address with the Court as required by LSR 2-2. Notice of the Court's latest order was returned as undeliverable. (ECF No. 7). For the reasons discussed in the Court's November 7, 2017 Order (ECF No. 6), Plaintiff's complaint should be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS RECOMMENDED that this action be DISMISSED WITH PREJUDICE and Judgment entered, accordingly.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).


IT IS SO RECOMMENDED.

DATED this 18th day of December, 2017.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

2